UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard Mark Kough, | ) | C/A No.: 5:15-cv-02934-MBS-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| Captain G. Pack and Sergeant R. Brown, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On October 19, 2015, Defendants filed a Motion to Dismiss for Failure to State a Claim. ECF No. 20. As Plaintiff is proceeding pro se, the court entered an order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of such motions and of the need for him to file an adequate response by November 23, 2015. ECF Nos. 21. On December 9, 2015, the court granted Plaintiff's Motion for an Extension, ECF No. 26, and granted Plaintiff a three-month extension to file his response, ECF No. 30. There, Plaintiff was "instructed to file a response no later than February 23, 2016 [and advised that] [n]o further extensions will be granted." *See id.* Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order and in the court's December 9, 2015 order Plaintiff failed to respond to Defendants' Motion to Dismiss.

As such, it appears to the court that he does not oppose Defendants' Motion and wishes to abandon his action. Based on the foregoing, the undersigned recommends Plaintiff's action be dismissed with prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding

cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

    IT IS SO RECOMMENDED.

February 29, 2016                                              Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**