IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Mark Kough, ) | |
| ) | C/A No. 5:15-2934-MBS-KDW |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Captain G. Pack and Sergeant R. Brown, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

     Plaintiff Richard Mark Kough is an inmate in custody of the South Carolina Department of Corrections (SCDC). Plaintiff currently is housed at Kirkland Correctional Institution in Columbia, South Carolina. On July 27, 2015, Plaintiff, proceeding pro se, filed a complaint alleging that his constitutional rights had been violated in various respects. Thus, Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling.

     On October 19, 2015, Defendants filed a motion to dismiss, asserting that Plaintiff's claim is time barred. By order filed October 19, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. Although he was granted an extension of time to file, Plaintiff has filed no response to the motion to dismiss.

     On February 29, 2016, the Magistrate Judge issued a Report and Recommendation in which she recommended that the petition be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Petitioner filed no objections to the Report and Recommendation.

     The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Id.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

As a general rule, when one party files a dispositive motion, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion.  Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (citing sources).  However, a verified complaint is the equivalent of an opposing affidavit, when the allegations contained therein are based on personal knowledge.  Id. (citing cases); see Slappy v. Bazzle, C/A No. 0:05-0014-DCN-BM, 2005 WL 6139235, *1 n.3 (D.S.C. Nov. 21, 2005)(noting that, in the Fourth Circuit, "verified complaints or petitions filed by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge")(citing Williams, 952 F.2d at 823)); see also Jackson v. Palmetto Baptist Hosp., No. 3:05-1901-CMC-BM (D.S.C. 2005) (applying Williams to a motion to dismiss).  Plaintiff has filed a verified petition, as evidenced by his signature made under penalty of perjury, in which he asserts allegations based on his personal knowledge.  ECF No. 1, 17.  Even though Plaintiff did not respond to Defendants' motion to dismiss or the Magistrate Judge's Report and Recommendation, the court declines to accept the Report and Recommendation.  Accordingly, the within action is recommitted

to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

April 6, 2016