UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Mark Kough, SCDC # 338426, | ) C/A No. 5:15-cv-02934-MBS-KDW |
| Plaintiff, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Captain G. Pack and Sergeant R. Brown, | ) |
| Defendants. | ) |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On October 19, 2015, Defendants filed a Motion to Dismiss the case. ECF No. 20. Because Plaintiff is proceeding pro se, on October 19, 2015, the court entered an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) advising him of the importance of a motion to dismiss and of the need for him to file an adequate response. ECF No. 21. Plaintiff was specifically advised that if he failed to respond adequately, Defendants' Motion may be granted, thereby ending this case. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* Order, Plaintiff failed to respond to the Motion. The court served a second Order on December 9, 2015, granting Plaintiff a three-month extension to file his response and instructing him to file a Response to Defendants' Motion no later than February 23, 2016. ECF No. 30. Further, the court advised Plaintiff that "[n]o further extensions will be granted." *Id.* The court has received no communication from Plaintiff other than a change of address notification. ECF No. 34.

I.     Failure to Prosecute

Because Plaintiff filed no response whatsoever to either of the court's orders regarding the pending Motion to Dismiss, it appeared that he did not oppose Defendants' Motion and

wished to abandon his action. Therefore, in a previous Report and Recommendation ("R&R), the undersigned recommended Plaintiff's action be dismissed with prejudice for failure to prosecute. *See* ECF No. 35 (citing Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)). Under *Davis*, a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions. *Davis*, 588 F.2d at 70; *see Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same)). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommended this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

In its review, the District Court declined to accept the previously filed R&R, ECF No. 35, despite Plaintiff's failure to respond to Defendant's Motion to Dismiss. ECF No. 39. There, the District Court reasoned, "Plaintiff has filed a verified petition, as evidenced by his signature made under penalty of perjury, in which he asserts allegations based on his personal knowledge." *Id.* at 2 (citing ECF Nos. 1, 17). Accordingly, this matter was remanded to the undersigned for "additional pretrial handling." *Id.* at 2-3.

In light of Plaintiff's verified Complaint and applicable law the undersigned will address Defendants' Motion to Dismiss below. *See* 28 U.S.C. § 1746 (a party's signature "under penalty of perjury" and an execution date qualifies a pleading as "verified"); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (a verified complaint is the equivalent of an opposing affidavit, when the allegations contained therein are based on personal knowledge); *Slappy v. Bazzle*, No.

2

0:05-0014-DCN-BM, 2005 WL 6139235, *1 n.3 (D.S.C. Nov. 21, 2005) (noting that, in the Fourth Circuit, "verified complaints or petitions filed by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge") (citing *Williams*, 952 F.2d at 823)); *see also Jackson v. Palmetto Baptist Hosp.*, No. 3:05-1901-CMC-BM (D.S.C. 2005) (applying *Williams* to a motion to dismiss).

II.   Timeliness of Plaintiff's Action

A.   Factual Background

In the Complaint filed in this case, Plaintiff, an inmate of the South Carolina Department of Corrections ("SCDC"), complains of excessive force allegedly used against him in June 2012 when he refused to leave the recreation cage in protest of inadequate mental-health care. ECF No. 1 at 3-4. He alleges that he was shot with a tear gas canister from a "rifle" at point-blank range by Defendant Brown at the direction of Defendant Pack. *Id.* at 4. He allegedly received a 3-inch cut to his temple and now has a permanent scar from that cut. *Id.* According to his Complaint, after the incident, he was sent to a psychiatric hospital for several months and then had to pursue grievances when SCDC refused to investigate the officers' conduct. *Id.* at 5-6.

B.   Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12 tests the sufficiency of the complaint. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's pro se complaint must

3

be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978); *Iqbal*, 556 U.S. 662, 680. A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. *Id.* at 555. A pro se complaint should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. *Iqbal*, 556 U.S. at 679. Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Twombly*, 550 U.S. at 558.

    C.    Discussion

Defendants argue that Plaintiff's claims are barred by the applicable three (3) year statute of limitations, and Plaintiff's Complaint should be dismissed. ECF No. 20-1 at 3. Specifically, Defendants maintain that Plaintiff's causes of action arise from a June 21, 2012 incident, and because this matter was filed more than three years after the incident, it is untimely. *Id.* However, Defendants also appear to conceded that Plaintiff had 114 days following the filing of his Step-One Grievance on June 22, 2012, before his statute of limitations clock began to run. *See id.*

The undersigned agrees that the applicable statute of limitations for Plaintiff's pending action is three years. Section 1983 does not specify a statute of limitations, so, courts fill the gap by applying the applicable state law statute of limitations, usually the limitations period for a personal-injury claim. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991). In South Carolina, personal injury claimants are

4

subject to a three-year limitations period. *See* S.C. Code Ann. § 15–3–530(5) (mandating a three-year statute of limitations for "an action for assault, battery, or any injury to the person or rights of another, not arising out of contract and not enumerated by law"). Thus, "[t]he statute of limitations for section 1983 causes of action arising in South Carolina is three years." *Hamilton v. Middleton*, No. 4:02–1952–23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003).

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), prevents prisoners from bringing § 1983 actions until they have exhausted all available administrative remedies. *See* 42 U.S.C. § 1997e(a). Thus, many circuits with similar tolling statutes "have concluded that federal courts should toll state statutes of limitations while inmates exhaust their administrative remedies under § 1997e." *Peoples v. Rogers*, No. 8:10-24-CMC-BHH, 2010 WL 424201 at *2 (D.S.C. Feb. 1, 2010) (citing *Brown v. Morgan,* 209 F.3d 595, 596 (6th Cir. 2000); *Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir. 1999)). The Fourth Circuit has not ruled on the relationship between § 1997e and South Carolina's tolling statute. However, "South Carolina law regarding statutes of limitation provides for tolling of the limitations period during a 'statutory prohibition,' and courts in this district have interpreted this rule to encompass the federal Prison Litigation Reform Act's requirement that a prisoner must exhaust his administrative remedies before filing suit in federal court." *King v. Ozmint*, No. 0:11-1455-RBH-PJG, 2013 WL 4681236, at *2 (D.S.C. July 23, 2013), *report and recommendation adopted as modified*, No. 0:11-CV-01455-RBH, 2013 WL 4680532 (D.S.C. Aug. 30, 2013)

Regardless of the timing of Plaintiff's grievances, based on Defendants own concessions, Plaintiff's Complaint is timely. According to Defendants, a three-year statute of limitations applies to Plaintiff's causes of action. Furthermore, Defendants maintain that based on the holding in *Jones v. Kay*, No. 4:07-3480-SB, 2007 WL 4292416 (D.S.C. Dec. 5, 2007), "Plaintiff

5

needed only to wait 114 days from that date [June 22, 2012] before he could proceed with this action." ECF No. 20-1 at 5. The *Jones* court held: "An SCDC inmate must wait approximately 114 days from presenting his Step 1 written grievance to the prison to file a complaint in federal court." 2007 WL 4292416, at *5. Furthermore, the *Jones* court found that "when the Warden fails to respond to an inmate's Step 1 grievance, the inmate must refrain from filing suit in federal court until all time periods for both steps to be completed have expired (approximately 114 days)." *Id.* Therefore, the *Jones* court found that "[a]fter approximately 114 days have passed, he will have exhausted 'such administrative remedies as are available.'" *Id.* (citing 42 U.S.C. § 1997e(a); *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002); *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir. 2002)).

In essence, Defendants appear to concede that Plaintiff was precluded from filing an action until after the expiration of 114 days from the date of his Step-One grievance—which is the *Jones* holding. The date of October 15, 2012, is 114 days after June 22, 2012. According to Defendants' representation, the time period for Plaintiff to file suit would have expired on October 15, 2015—three years after Plaintiff's case became ripe. However, Plaintiff filed suit on July 28, 2015, before his October filing deadline. Therefore, assuming without recommending that Defendants' logic is correct, Plaintiff's lawsuit is timely.

However, the undersigned recommends the more appropriate finding for the applicable tolling period in the case of an inmate is articulated in the case of *King v. Ozmint*, No. 0:11-1455-RBH-PJG, 2013 WL 4681236, at *1 (D.S.C. July 23, 2013), *report and recommendation adopted as modified*, No. 0:11-CV-01455-RBH, 2013 WL 4680532 (D.S.C. Aug. 30, 2013). There, with the benefit of viewing SCDC's grievance policy, the court noted:

> Several important principles become apparent upon review of the full policy that demonstrate a myriad of problems with using a bright-line time period for

6

> exhaustion of administrative remedies in this context. First, even assuming for the sake of discussion that 114 days is an accurate figure to use as a standard time period for exhaustion, the full policy reveals that the process can be extended for a variety of reasons. . . . Thus, the administrative grievance process through SCDC may, depending on the circumstances, actually take far longer than 114 days.
>
> Moreover, use of the 114–day period conflates the two separate and distinct issues of timeliness and exhaustion of administrative remedies. Prior to *Kelly*,[1] some judges had referenced the 114–day period when determining whether a prisoner's complaint should be summarily dismissed for failure to exhaust, since the timing of the filing and the prisoner's assertions demonstrated that insufficient time had elapsed (*i.e.,* less than 114 days) for the prisoner to have completed the grievance process. *See, e.g., Jones,* C/A No. 4:07–3480, 2007 WL 4292416. But whether a prisoner has *prematurely* filed a case because he has circumvented the grievance process and therefore failed to exhaust his administrative remedies is a different question than whether a lawsuit is filed outside the applicable statute of limitations and therefore commenced *too late*. Consideration of timeliness issues, such as limitations periods and tolling, is retrospective-a court must look back at actual past events. Contrarily, consideration of whether a prisoner has filed without exhausting administrative remedies is generally prospective, examining what remains to be done before he can come to federal court. Using the same time period to address both concepts illogically assumes that the minimum and maximum time frames to complete the grievance process are equal, as well as inaccurately assuming that they are always the same for every prisoner.

*Id.* at *3 (internal citations and footnotes omitted). Ultimately, the *King* court found the tolling calculation King should be entitled to "is properly determined by employing by analogy a similar method to that prescribed in the *habeas corpus* context under similar requirements." *Id.* at *4. The court reasoned that the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") requires prisoners to first exhaust available state remedies prior to filing a habeas petition. *Id.* Furthermore, the court found that "AEDPA provides for tolling of the limitations period during the time 'which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending,' 28 U.S.C. § 2244(d)(2), just as the South Carolina tolling law applicable here provides for tolling during the presence of a statutory

---

[1] *See Kelly v. White*, C/A No. 4:10-982, 2011 WL 939015 (D.S.C. Mar. 16, 2011).

7

prohibition." *Id.* (citing *See* S.C. Code Ann. § 15–3–100). Therefore, the court found "King's lawsuit was timely filed once the time it took for him to complete the grievance process at SCDC is tolled." *Id.* In King's instance, "[f]ollowing denial and appeal of his Step 1 grievance, SCDC denied King's Step 2 grievance on March 29, 2010; however, the inmate grievance coordinator did not provide this decision to King until June 17, 2010." *Id.* Therefore, the *King* court found "that at the very least a statutory prohibition to King's filing his federal lawsuit existed until June 17, 2010."

Following the logic of the *King* case, and only viewing the four corners of Plaintiff's Complaint, the undersigned finds that Plaintiff was prevented from filing a federal lawsuit until SCDC responded to his Step-Two Grievance on March 4, 2015, at the earliest. The court does not have the benefit of reviewing Plaintiff's Step-One Grievance. However, Plaintiff indicates he filed the Step-One Grievance Form on June 22, 2012. ECF No. 14 at 2. Furthermore, Plaintiff maintains that he "had to wait over a year before [he] received a finale (sic) answer to the grievance process." *Id.* Though Plaintiff did not attach a Step-One Grievance Form to his Complaint, Plaintiff attached the Step-Two Grievance Form he filed after the incident described in his Complaint. ECF No. 1-1 at 2. In the Step-Two form, Plaintiff indicated that he was not satisfied with the Warden's response to his Grievance and noted "it has taken 2 years for this decision. I wish to appeal the warden's decision." *Id.* Plaintiff's Step-Two Grievance Form is signed and dated June 18, 2014 by Plaintiff. *Id.* Plaintiff's Step-Two Grievance Form was also denied because it was determined that "the minimum amount of force was used to gain control of the situation as a result of [Plaintiff's] refusal to follow the directives given by Staff on June 21, 2012 to come off the SMU recreation field." *Id.* The Step Two denial was signed and dated by

8

SCDC staff on March 4, 2015. *Id.* Therefore, with a July 28, 2015 filing date, Plaintiff was well within his three-year statute of limitations period, and his Complaint was not untimely.

Accordingly, based on the allegations in Plaintiff's Complaint and the evidence in the attachments to Plaintiff's Complaint, the undersigned recommends denying Defendants' Motion to dismiss on the basis that Plaintiff's Complaint was untimely.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion to Dismiss, ECF No. 20, be denied.

IT IS SO RECOMMENDED.

April 29, 2016                                                          Kaymani D. West
Florence, South Carolina                                     United States Magistrate Judge

**The parties' attention is directed to the important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).