UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard Mark Kough, | ) | C/A No. 5:15-cv-02934-MBS-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | (concerning Plaintiff's Motion for Temporary |
| | ) | Restraining Order and Preliminary Injunction, |
| Captain G. Pack, and | ) | ECF No. 77) |
| Sergeant R. Brown, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Richard Mark Kough ("Plaintiff"), proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for Temporary Restraining Order/Motion for Preliminary Injunction filed on September 7, 2016. ECF No. 77; *see Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court). Defendants filed a response opposing Plaintiff's Motion on September 26, 2016, ECF No. 82. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

In his Motion, Plaintiff complains about having been removed from the prison's "general population against [his] will and without any form of Due Process on July 9, 2016." ECF No. 77. Plaintiff indicates he has been "held in RHU [Rehabilitation Housing Unit]" since that time. *Id.* In an attached "Order to Show Cause for an Preliminary Injunction & a Temporary Restraining Order," Plaintiff seeks the court's involvement in "enjoining the defendants, their successors in office, agents and all other persons" from "continuously and needlessly transferring, or

segregating the plaintiff by placing [him] in R.H.U. dorms within the prisons that he is transferred to without the benefit of Due Process." ECF No. 77-1 at 1-2. Plaintiff also requests that he be removed from RHU "immediately." *Id.* at 2.

Defendants oppose Plaintiff's Motion, arguing he is not entitled to injunctive relief because his placement in RHU in July 2016 has nothing to do with the subject matter of this case, which concerns a claim of excessive use of force and medical indifference that allegedly occurred in June 2012. ECF No. 82 at 3. Defendants also argue that Plaintiff has not demonstrated that he has or will suffer any harm and has not alleged that either of the named Defendants "has done anything he wishes to enjoin them from doing." *Id*.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

Here, Plaintiff does not allege that he is or will suffer irreparable damage from his being housed in the RHU, nor does he discuss whether the relief he requests would be in the public interest. Moreover, addressing Plaintiff's request for an order removing him from confinement in

the RHU, such relief is not an available remedy. The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-17 (4th Cir. 1984). There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Meachum v. Fano*, 427 U.S. 215, 223-24 (1976); *McKune v. Lile*, 536 U.S. 24, 39 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise").

Based on the foregoing, it is recommended that Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction, ECF No. 77, be denied.

IT IS SO RECOMMENDED.

October 13, 2016                                                Kaymani D. West
Florence, South Carolina                                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).