IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Mark Kough, SCDC # 338426, | ) |
| | ) C/A No. 5:15-2934-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| Captain G. Pack and Sergeant R. Brown, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Richard Mark Kough is an inmate in custody of the South Carolina Department of Corrections (SCDC). At the time of the underlying events, Plaintiff was housed at Kirkland Correctional Institution (KCI) in Columbia, South Carolina. Plaintiff, proceeding pro se, filed a complaint on July 27, 2015, alleging that Defendants Captain G. Pack and Sergeant R. Brown, correctional officers at KCI, violated his rights under the Eighth Amendment through (1) use of excessive force and (2) denial of medical care. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling.

On November 14, 2016, Defendants filed a motion for sanctions based on Plaintiff's refusal to respond to questions at his deposition. Plaintiff filed a response to Defendants' motion on November 30, 2016, to which Defendants filed a reply on December 6, 2016. On December 12, 2016, Defendants filed a motion for summary judgment. On December 13, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. On December 27,

2016, Plaintiff filed a motion to extend time to respond to Defendants' motion. The Magistrate Judge granted Plaintiff an additional period of time until February 17, 2017, to respond.

On February 13, 2017, upon motion of Plaintiff, Defendants provided Plaintiff with a second copy of their motion for summary judgment. The Magistrate Judge thereupon extended Plaintiff's time to respond to March 24, 2017. On March 22, 2017, Defendants' counsel informed the court that Plaintiff was being treated for mental health issues. When Plaintiff failed to respond to Defendants' motion for summary judgment, the court issued an order on April 17, 2017, instructing counsel to file a status report no later than May 17, 2017, as to Plaintiff's condition. The court informed the parties that it would consider at that time whether to dismiss the case without prejudice or to set a new deadline for Plaintiff to respond to Defendants' motion. On May 17, 2017, counsel informed the court that Plaintiff was still incarcerated at the Gilliam Psychiatric Hospital located at Kirkland Correctional Institution. On May 19, 2017, the Magistrate Judge granted Plaintiff one final opportunity to file a response to Defendants' motion for summary judgment on or before June 19, 2017. On June 12, 2017, Plaintiff filed a "Motion to Invoke Court Order." Plaintiff informed the court that he

> is psychologically/mentally incompetent due [to] the current state of his mental illness. Therefore the plaintiff moves the Court to act on it's previously issued order stating that said Court will dismiss the plaintiff's claim without prejudice with leave to refile outside of the limitations period.

ECF No. 150.

On June 30, 2017, the Magistrate Judge issued a Report and Recommendation in which she reviewed the allegations of the complaint and evidence produced by Defendants. Regarding Plaintiff's excessive force claim, the Magistrate Judge viewed a DVD depicting Plaintiff refusing

2

to comply with Defendant Pack's orders for Plaintiff to leave a gated recreation area. Defendant Brown administered a tear-gas spray toward Plaintiff's face, after which Plaintiff voluntarily left the field, was stripped down to his underwear for purposes of a shower, and escorted to a cell. The Magistrate Judge determined that the amount of force used by Defendants was reasonable under the circumstances, see Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008) (setting forth subjective and objective components a court must consider in analyzing an excessive force claim), and constituted a good-faith effort to maintain or restore discipline. Accordingly, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted as to this issue.

Regarding Plaintiff's denial of medical care claim, the Magistrate Judge noted that the medical records showed Plaintiff received medical attention three times the same day after the use of force incident. The Magistrate Judge also found that Plaintiff failed to allege Defendants knew of a specific injury from the incident and refused to either treat Plaintiff or assist Plaintiff in receiving treatment. Accordingly, the Magistrate Judge determined that (1) Plaintiff did not meet the pleading requirements of Fed. R. Civ. P. 8, and (2) Plaintiff failed to offer any evidence to support a finding he suffered a serious injury as a result of Defendants intentionally or recklessly disregarding his medical needs or delaying his treatment. See Farmer v. Brennan, 511 U.S. 825 (1994). According, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted as to this issue. The Magistrate Judge also recommended that Defendants' motion for sanctions be denied as moot.

On July 13, 2017, Plaintiff moved for an extension of time to file objections to the Report and Recommendation. The court granted Plaintiff until August 14, 2017, to file objections. On August 7, 2017, Plaintiff informed the court that he wished to respond to Defendants' motion for

summary judgment, but that SCDC had lost his original copy. On August 14, 2017, Plaintiff again moved for an extension of time to file objections to the Report and Recommendation. Plaintiff stated:

> The Plaintiff now offers the following reasons for cause of said second extention. The Plaintiff having been seperated from his legal work when he was admitted to a psychiatric hospital for inpatient treatment and hadn't received a replacement copy of said motion until 8/9/17. This only allowed the plaintiff 5 days to prepare a response. Therefore the plaintiff is now asking the court for a 30 day extention to 9/14/17.

ECF No. 160 (errors in original).

The court granted Plaintiff's motion and informed him no further extensions would be granted. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record and discerns no clear error. The court concurs in the Report and Recommendation and incorporates it herein by reference. Defendants' motion for summary judgment (ECF No. 100) is **granted**. Defendants' motion for sanctions (ECF No. 94) is

4

**denied as moot**.

    **IT IS SO ORDERED**.

                                      /s/ Margaret B. Seymour
                                      Senior United States District Judge

Columbia, South Carolina

September 26, 2017